USDC SCAN INDEX SHEET

















SWD    10/26/04    15:04

3:04-CV-02148    GRIFFITH V. RICKENBACKER

*1*

*NTCREM.*

1  STEPHEN H. TURNER, ESQ. (State Bar No. 89627)
   GREGORY K. KECHICHIAN, ESQ. (State Bar No. 217264)
2  CARLSON, MESSER & TURNER LLP
   5959 W. Century Boulevard, Suite 1214
3  Los Angeles, California 90045
   (310) 242-2200 Telephone
4  (310) 242-2222 Facsimile

5  Attorneys for Defendants,
   RICKENBACKER COLLECTION SERVICES,
6  (erroneously sued as RICKENBACKER COLLECTIONS)

   FILED
   04 OCT 26 PM 1:50
   CLERK, U.S. DISTRICT COURT
   SOUTHERN DISTRICT OF CALIFORNIA
   
   DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT JOVIE GRIFFITH, an individual and consumer, <br><br> Plaintiff, <br><br> vs. <br><br> RICKENBACKER COLLECTIONS, a business of unknown origin and structure, and DOES 1 - 30, inclusive, <br><br> Defendants. | CASE NO. 04 CV 2148 L (WMc)<br><br>NOTICE OF REMOVAL OF ACTION; UNDER 28 §1441(b) (FEDERAL QUESTION)<br><br>FILED BY FAX |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that defendants RICKENBACKER COLLECTION SERVICES (erroneously served as RICKENBACKER COLLECTIONS) hereby remove to this Court the state action described below.

1. On March 10, 2004, an action was commenced in the Superior Court of the State of California in and for the County of San Diego, entitled ROBERT JOVIE GRIFFITH vs. RICKENBACKER COLLECTIONS., et al., as case number IE021296 hereto as Exhibit "A".

2. The first date upon which defendants received a copy of the said complaint was September 28, 2004, when defendant was served with a copy of the

---

05190.00/97884                                        NOTICE OF REMOVAL OF ACTION

ORIGINAL

said complaint and a summons from said State Court. A copy of the Summons is attached hereto as Exhibit "B".

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1331, and is one which may be removed to this Court by defendants pursuant to the provisions of 28 U.S.C. §1441(b) in that it arises under the Federal Fair Debt Collection Practices Act. 15 U.S.C. §1692 et seq.

4. Defendant RICKENBACKER COLLECTION SERVICES (erroneously sued as RICKENBACKER COLLECTIONS) is not aware of any other defendants who were served with the complaint.

5. Notice of filing removal was filed with the San Diego County Superior Court and served upon plaintiffs.

DATED: October 25, 2004    CARLSON, MESSER & TURNER LLP

By: _____
STEPHEN H. TURNER, ESQ.
GREGORY K. KECHICHIAN, ESQ.
Attorneys for Defendants
RICKENBACKER COLLECTION SERVICES,
(erroneously sued as RICKENBACKER COLLECTIONS)

**EXHIBIT A**

HAROLD M. HEWELL  IE021296         2024 MAR 10 PM 4:18
ATTORNEY AT LAW
1901 FIRST AVENUE, 2ND FLOOR
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 235-6854
FACSIMILE: (619) 235-9122

SBN: 171210
Attorney for Plaintiff

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, EASTERN DIVISION

| | |
|---|---|
| ROBERT JOVIE GRIFFITH, an individual consumer, <br><br> Plaintiff, <br><br> v. <br><br> RICKENBACKER COLLECTIONS, a business of unknown origin and structure; and DOES 1 through 30, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR: VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.; VIOLATIONS OF CALIFORNIA'S ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CIVIL CODE §1788 ET SEQ.; AND NEGLIGENCE <br><br> *Limited civil jurisdiction* |

Plaintiff alleges:

1. This is an action for damages brought by Robert Jovie Griffith, an individual consumer for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 et seq.; violations of California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Civil Code §1788 et seq., and negligence. Plaintiff respectfully requests a jury trial.

2. Subject matter jurisdiction is vested in this Court in that the matter is civil in nature.

---

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., VIOLATIONS OF CIV. CODE §1788 ET SEQ.; AND NEGLIGENCE

-1-

3. Personal jurisdiction derives from the business activities conducted by Defendant Rickenbacker Collections (hereinafter referred to as "RC") within the State of California.

4. Plaintiff is informed and believes, and thereon alleges, that venue is proper within this district because certain acts that give rise to the alleged causes of action were performed within this judicial district.

5. Plaintiff is informed and believes and thereon alleges defendant is a business of unknown structure or origin. Plaintiff is informed and believes and thereon alleges defendant is a business of unknown structure or origin, and a "debt collector" as defined in 15 U.S.C. §1692a(6) and Civil Code §1788.2(c).

6. The true names and capacities of defendants DOES 1 through 30 inclusive, are unknown to Mr. Griffith, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a Doe is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged.

7. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant and employee of each of the remaining Defendants, and at all times herein mentioned, each was acting within the purpose and scope of said agency and employment.

I.

## FACTUAL ALLEGATIONS

8. Plaintiff re-alleges and incorporates herein by reference the allegations of paragraphs 1 through 7 above.

9. In or around September 2003, Mr. Griffith received a letter from RC regarding the collection on an unpaid towing bill by "C&D Towing Specialists, IPC." The towing bill was for a car that Mr. Griffith never owned or had any use or benefit from. The car was apparently a 1970 model vehicle. The Griffith's oldest car is a 1998. Mr. Griffith immediately called RC to rectify the matter. He informed RC that he was not the owner of the vehicle that was towed. RC indicated that they understood the problem and would attempt to determine to whom the debt actually belonged.

10. Some time after Mr. Griffith and RC's initial contact, RC continued to call and contact Mr. Griffith and his wife. In an effort to determine the actual owner of the car and thus the true debtor, Mrs. Griffith paid an internet service to search for the name "Robert Griffith." To her surprise there was a Robert Griffith living on the same street as Plaintiff. Mr. Robert Joseph Griffith resided at 4201 Spring Street. Plaintiff resides at 4242 Spring Street. Realizing that this could be the source of the problem, Mr. Griffith informed RC of the newly acquired information. RC indicated that they understood and promised not to call or contact the Griffith's again.

11. Despite the promises made by RC, RC reported the debt on plaintiff's credit report. The unpaid debt appeared on all three major credit bureauy reports. The negative reporting significantly damaged plaintiff's credit.

12. Within the past several months the Griffiths have attempted to move to a new home. They have put offers on several homes and in attempting to obtain a loan for each of these homes they have been turned down due to the negative reporting by RC. Due to the negative credit reporting by RC Mr. Griffith's reputation has been damaged and caused him an actual loss in that he has been unable to obtain loans for a new home that he wished to purchase.

13. Mr. Griffith and his wife have made considerable efforts to resolve this matter without resorting to litigation. Despite his efforts at an amicable resolution RC has insisted on continuing to report the unpaid collection on Mr. Griffith's credit report.

II.

### FIRST CAUSE OF ACTION: FDCPA
### (AGAINST RC AND DOES 1 THROUGH 10, INCLUSIVE)

14. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through 13 above.

15. Plaintiff alleges that FDCPA violations by RC and Does 1 through 10 inclusive, include, but are not limited to, the following:

(A) Section 1692d which prevents a debt collector from engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Plaintiff contends that Defendant violated

---

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., VIOLATIONS OF CIV. CODE §1788 ET SEQ.; AND NEGLIGENCE
- 3 -

this section when it called him repeatedly in order to collect on the debt from him even after Plaintiff informed RC employees that the car that was towed was not his nor did he benefit from the car in anyway.

(B) Section 1692e(2)(A) which prohibits the false representation of the (A) character, amount, or legal status of any debt. Plaintiff contends that Defendant violated this provision when, even after being notified that the debt was not his and that the true Mr. Griffith who was the debtor in question actually lived down the street, Defendant reported the debt on Plaintiff's credit report. The debt did not belong to Plaintiff at all, and despite knowing that it was not Plaintiff's Defendant falsely represented the character of the debt on Plaintiff's credit report.

(C) Section 1692e(5) which prohibits the threat to take any action that cannot legally be taken or that is not intended to be taken. Plaintiff contends that Defendant violated this provision when it sent Plaintiff a letter attempting to collect on the debt from C&D Towing Specialists when the car that was towed was not Plaintiff's. Further, reporting the debt as an unpaid collection on Plaintiff's credit report was an illegal action by Defendant in that Plaintiff was in no way legally responsible for the debt.

(D) Section 1692f(1) which prohibits the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Plaintiff contends that Defendant violated this provision when it attempted to collect on the debt that did not arise from any agreement, express or implied, between Plaintiff and Defendant. Defendant was in fact aware of the true debtor and continued to attempt to collect the debt from Plaintiff and further reported the unpaid collection on Plaintiff's credit report.

16. Violation of this statute has caused Plaintiff to suffer and continue to suffer damages in an amount to be determined at trial. These damages include, but are not limited to, damage to his reputation, severe damage to his credit report, which caused him to be denied multiple loans for a new home, and costs and fees.

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., VIOLATIONS OF CIV. CODE §1788 ET SEQ.; AND NEGLIGENCE
- 4 -

## III.

## SECOND CAUSE OF ACTION: ROSENTHAL

### (AGAINST RC AND DOES 11 THROUGH 20, INCLUSIVE)

17. Plaintiff repeats and re-alleges and incorporates by reference paragraphs one through 16 above.

18. Plaintiff alleges that Rosenthal FDCPA violations by RC and Does 11 through 20 inclusive, include, but are not limited to, the following: Section 1788.17 which requires every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. Plaintiff contends that RC violated this by violating sections 1692d, 1692e(2)(A), 1692e(5), and 1692f(1), which prohibit unlawful collection practices. These unlawful collection practices are outlined in detail above in paragraph 15.

19. Violation of this statute has caused Plaintiff to suffer and continue to suffer damages in an amount to be determined at trial. These damages include, but are not limited to, damage to his reputation, severe damage to his credit report, which caused him to be denied multiple loans for a new home, and costs and fees.

## IV.

## THIRD CAUSE OF ACTION: NEGLIGENCE

### (AGAINST RC AND DOES 21 THROUGH 30, INCLUSIVE)

20. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 19 above.

21. RC owed Plaintiff a duty when it began to call Plaintiff in an attempt to collect the debt that was allegedly owed by Plaintiff. RC further owed Plaintiff a duty to act as a reasonable debt collector would in the same circumstance.

22. RC breached its duty to Plaintiff when it failed to prevent the negative credit reporting from going on Plaintiff's credit report despite being informed by Plaintiff on multiple occasions that the debt was not his.

---

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., VIOLATIONS OF CIV. CODE §1788 ET SEQ.; AND NEGLIGENCE
- 5 -

23. RC's negligence caused Plaintiff harm in that but for the negative credit reporting Plaintiff's credit would not have been damaged. Further, financial damages and harm to plaintiff's reputation are foreseeable results of the negative credit reporting.

24. Defendant's negligence has directly and indirectly cause harm to Plaintiff in that Plaintiff has suffered and continues to suffer damages in an amount to be determined at trial. These damages include, but are not limited to, damage to his reputation, severe damage to his credit report, which caused him to be denied multiple loans for a new home, and costs and fees.

WHEREFORE, Plaintiff prays for relief from RC and Does 11 through 20 for the First Cause of Action for violation of the FDCPA, as follows:

a. For actual damages;

b. For statutory damages of $1,000.00;

c. For costs of this action and attorneys' fees; and

d. For such other and further relief as the court may deem proper.

WHEREFORE, Plaintiff respectfully prays for relief from RC and Does 11 through 20, inclusive, for the Second Cause of Action for violations of the Rosenthal Act as follows:

a. For actual damages;

b. For statutory damages of $1,000.00;

c. For costs of this action and attorneys' fees; and

d. For such other and further relief as the court may deem proper.

WHEREFORE, Plaintiff prays for relief from RC and Does 21 through 30 for the Third Cause of Action for Negligence, as follows:

a. General damages according to proof;

b. Special damages for medical expenses and lost wages according to proof;

c. Costs of suit; and

d. Such other and further relief as this court may deem just and proper.

DATED: 5-5, 2004.

Harold M. Hewell, Esq.

COMPLAINT FOR VIOLATIONS OF 15 U.S.C. §1692 ET SEQ., VIOLATIONS OF CIV. CODE §1788 ET SEQ.; AND NEGLIGENCE
-6-

**EXHIBIT B**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
RICKENBACKER COLLECTIONS, a business of uknown origin and structure

IE021296

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
ROBERT JOVIE GRIFFITH, an individual consumer

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, San Diego County-Eastern Division
250 East Main Street
El Cajon, CA 92020-3941

**CASE NUMBER:**
(Número del Caso)

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Harold M. Hewell, Esq. (SBN 171210) Tel: (619) 235-6854
1901 First Avenue, Second floor, San Diego, CA 92101

**DATE:** MAR 1 0 2004    Clerk, by _____, Deputy
(Fecha)                    (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☐ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

|   |   |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 |   |

```
STATE OF CALIFORNIA       )
                          ) ss.
COUNTY OF LOS ANGELES     )
```

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 5959 W. Century Boulevard, Suite 1214, Los Angeles, California 90045.

On October 26, 2004, I served **NOTICE OF REMOVAL OF ACTION; UNDER 28 §1441(b) (FEDERAL QUESTION)** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ (BY MAIL)
I sealed such envelope(s) and placed it (them) for collection and mailing on this date following the ordinary business practices of Carlson, Messer & Turner LLP. I am "readily familiar" with the business practices of Carlson, Messer & Turner LLP for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence would be deposited with the United States Postal Service at Los Angeles, California this same day in the ordinary course of business with postage thereon fully prepaid.

☐ (BY FACSIMILE)
I transmitted via telecopier machine such document to the offices of the addressees. Executed on this 2nd day of October, 2004, at Los Angeles, California.

☒ (FEDERAL) - I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

☐ (State)
I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed this 26th day of October, 2004, at Los Angeles, California.

_____
Sue A. Vigil

05190.00/98059

|   | **Griffith v. Rickenbacker Collections, et al.** |
|---|---|
| 1 | Our File No. 05190.00 |

3  Harold M. Hewell                    Attorney for Plaintiff
   Doukas & Hewell
4  1901 First Av., Second Flr.
   San Diego, CA 92101
5  Tel: (619) 235-6854
   Fax: (619) 235-9122

CARLSON, MESSER & TURNER LLP
5959 W. CENTURY BOULEVARD, SUITE 1214
LOS ANGELES, CALIFORNIA 90045

05190.00/98059

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET — VIA FAX

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
ROBERT J. GRIFFITH

'04 CV 2148 L (WMC)

*stamp: OCT 26 PM 1:50 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA — DEPUTY*

### DEFENDANTS
RICKENBACKER COLLECTION SERVICES (erroneously sued as RICKENBACKER COLLECTIONS), AND DOES 1 THROUGH 30

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: SANTA CLARA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
HAROLD M. HEWELL
DOUKAS & HEWELL
1901 FIRST AVENUE, SECOND FLOOR
SAN DIEGO CA, 92101

ATTORNEYS (IF KNOWN)
STEPHEN H. TURNER, ESQ. (SBN 89627)
GREGORY K. KECHICHIAN, ESQ. (SBN 217624)
CARLSON, MESSER & TURNER LLP
5959 W. CENTURY BLVD., SUITE 1214
LOS ANGELES, CA 90045

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(not checked)

## IV. CAUSE OF ACTION
15 U.S.C. SECTION 1692 ET SEQ.

## V. NATURE OF SUIT
[X] 890 Other Statutory Actions

## VI. ORIGIN
[X] 2 Removal from State Court

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] YES

DATE: 10/25/04
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

108149 JG 150 10/26/04 ORIGINAL
CR